EXHIBIT A

## STATE OF NEW HAMPSHIRE

**SUPERIOR COURT**                                                      **GRAFTON COUNTY**

### MINDY BOISVERT

v.

### GRAFTON COUNTY SHERIFF'S DEPARTMENT

**DOCKET #** ~~452-2021-CV-~~
215-2021-CV-00118

### COMPLAINT AND DEMAND FOR JURY TRIAL

**PRELIMINARY STATEMENT**

1. This is a civil rights suit in which the Plaintiff seeks relief for violations of rights secured by the Civil Rights Act of 1871, 42 U.S.A. § 1983, and rights secured by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff was falsely arrested, without cause, when the Grafton County Sheriff's Department, on its own initiative, amended the service address for the service of process in Lebanon Circuit Docket # 452-2016-SC-00202, a matter in which Plaintiff was not a party. Plaintiff also seeks relief for Intentional Infliction of Emotional Distress stemming from these same events. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and equitable.

**JURISDICTION**

2. This Court has jurisdiction over this matter pursuant to <u>MBC, Inc. v. Engel</u>, 119 N.H. 8, 10, 397 A.2d 636, 637 (1979) (holding that jurisdiction to hear a § 1983 suit lies in State court), and <u>Martinez v. California</u>, 444 U.S. 277, 283 n.7 (1980) (approving state court jurisdiction over § 1983 claims).

**VENUE**

3. Venue is proper in the Grafton Superior Court pursuant to RSA 507:9 because the Plaintiff resides in Grafton County.

**PARTIES**

4. Plaintiff Mindy Boisvert (hereinafter Plaintiff) was at all relevant times a resident of the State of New Hampshire and a citizen of the United States of America. Her address is 83 Depot Street #3, Canaan, New Hampshire. She has resided at this address for more than six years.

5. Defendant Grafton County Sheriff's Department (hereinafter Defendant) is a law enforcement agency organized under the laws of the State of New Hampshire, and includes all officers, staff and employees. Defendant is authorized to conduct law enforcement activities, including the investigation of criminal offenses, service of process and execution of arrest warrants. Defendant is located at 3785 Dartmouth College Highway, North Haverhill, New Hampshire.

6. At all times mentioned in this Complaint, the Defendant acted under color of law and acted with wilful and flagrant disregard to the clearly established rights of the Plaintiff, to remain free from unreasonable seizure, of which a reasonable person would be aware.

**STATEMENT OF FACTS**

7. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 6 above as if fully set forth herein.

8. On December 11, 2016, Granite State Credit Union, through its attorneys, Niederman Stanzel & Lindsey, filed a small claims action against a Mindy Boisvert (hereinafter Debtor Boisvert) residing in Grafton, New Hampshire. This Mindy Boisvert is NOT the same person as Plaintiff Boisvert. They are not the same age, have different birth dates and years, and reside at different addresses.

9. The small claims matter was assigned Docket # 452-2016-SC-00202.

10. A default judgment was entered against Debtor Boisvert in the small claims matter on January 18, 2017.

11. On June 27, 2019, through counsel, Granite State Credit Union filed a Motion for Periodic Payments in small claims Docket # 452-2016-SC-00202. A hearing was scheduled for October 22, 2019.

12. On July 30, 2019 Niederman Stanzel & Lindsey forwarded the hearing notice to the Defendant for service on Debtor Boisvert. The firm provided the Defendant with multiple documents showing a service address of 8 River Road, Canaan, New Hampshire. The firm also provided a phone number and date of birth for Debtor Boisvert.

13. Defendant attempted to serve Debtor Boisvert, at 8 River Road. Debtor Boisvert was not at the service address provided by Niederman Stanzel & Lindsey.

14. Defendant, without consulting the court or Niederman Stanzel & Lindsey, conducted a search of its own database and located the address for Plaintiff Boisvert at 8 Depot Street #3, Canaan, New Hampshire. The Defendant then improperly served Plaintiff with the Orders of Notice intended for Debtor Boisvert. The Defendant filed a return with the court listing the address of the Plaintiff.

15. The Plaintiff was served with the Orders of Notice on August 17, 2019. At the time of service Plaintiff expressly informed Defendant and placed Defendant on actual notice that she did not have any outstanding judgments and that they had therefore served the wrong person.

16. Plaintiff contacted Granite State Credit Union by e-mail on August 17, 2019 and alerted them that she had been improperly served with the hearing notice. Plaintiff later contacted Niederman Stanzel & Lindsey to report that she had been improperly served.

17. Debtor Boisvert did not appear at the October 22, 2019 hearing. Plaintiff, who was not a party to Docket # 452-2016-SC-00202, also did not appear.

18. Due to the non-appearance of Debtor Boisvert an arrest warrant was issued by the court in the amount of $250. This arrest warrant was missing a date of birth, but contained the

address of Plaintiff, 8 Deport Street #3, Canaan, New Hampshire. This was the address incorrectly provided to the court by the Defendant after it erroneously served the Plaintiff with the hearing notice.

19. Upon information and belief, the Defendant contacted the court about the missing date of birth and was instructed to return the warrant if the missing information could not be obtained. Upon information and belief the Defendant made no effort to contact Granite State Credit Union or Niederman Stanzel & Lindsey to obtain the correct date of birth.

20. On November 12, 2019, the Defendant mailed a letter to the Plaintiff informing her that a warrant had been issued for her arrest. The letter advised Plaintiff that the warrant would be "amicably" resolved if she went to the courthouse a signed a PR bond. The letter threatened Plaintiff with arrest if she failed to turn herself in to the court.

21. Plaintiff received the letter from the Defendant on November 15, 2019. Plaintiff immediately contacted Niederman Stanzel & Lindsey via e-mail regarding the erroneous warrant.

22. Upon information and belief, Niederman Stanzel & Lindsey contacted the Defendant to report the error and indicating that they would be filing a motion to withdraw the warrant. The Defendant assured Niederman Stanzel & Lindsey that the warrant would not be acted upon while Niederman Stanzel & Lindsey processed its motion to withdraw the warrant.

23. On the evening of November 15, 2019, a deputy sheriff visited Plaintiff at her residence and spoke with both Plaintiff and her husband. There were multiple witnesses to the conversation. The deputy sheriff advised Plaintiff that a warrant had been issued for her arrest. Plaintiff protested to the deputy sheriff that she was not the person named in the warrant. The deputy sheriff told Plaintiff that she needed to turn herself in to the court by November 18, 2019, or she would be arrested on the warrant.

24. On November 18, 2019, Plaintiff turned herself into the court and posted the required PR bail. A hearing was scheduled for December 17, 2019.

25. On November 19, 2019 the court vacated the civil bond and cancelled the December 17, 2019 hearing due to questions regarding the incorrect date of birth and address for Debtor Boisvert, the true defendant in Docket # 452-2016-SC-00202.

26. As a result of the actions by Defendant, Plaintiff suffered serious physical, emotional and economic injuries relating to her unlawful arrest, including a panic attack and required medical treatment at Dartmouth Hitchcock Medical Center.

## COUNT 1 – UNLAWFUL ARREST

27. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth herein.

28. As described above, Defendants unlawfully arrested Plaintiff when Defendant caused a warrant to erroneously issue for Plaintiff, then both in writing on November 12, 2019 and in person on November 15, 2019, directed Plaintiff to self surrender to avoid being arrested pursuant to the warrant. See Albright v. Oliver, 510 U.S. 266 (1994) (issuance of an arrest warrant coupled with a subsequent self surrender constitutes a seizure under the Fourth Amendment).

29. The actions of Defendant were performed under color of law, and violated Plaintiff's rights under the Fourth and Fourteenth Amendment to the United States Constitution.

30. Defendant acted with deliberate indifference or extreme recklessness when it substituted the address the Plaintiff, an innocent person, for that of Debtor Boisvert resulting in the issuance of an arrest warrant in violation of Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments.

31. The acts of unlawful arrest by Defendant against Plaintiff were the direct and proximate cause of physical, emotional and economic injuries to Plaintiff.

32. The conduct and actions of Defendant, acting under color of law, in unlawfully arresting Plaintiff, was willful and exhibited a flagrant disregard to the rights of Plaintiff in violation of the constitutional rights guaranteed under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

**COUNT 2 - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

33. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 32 above as if fully set forth herein.

34. The Defendant engaged in extreme and outrageous conduct when through its actions it caused an arrest warrant to be wrongfully issued against Plaintiff and arrested Plaintiff even after being placed on actual notice that the arrest warrant was for the wrong Mindy Boisvert.

35. The Defendant acted intentionally. The Defendant, on its own initiative, changed the service information on court documents and wrongfully served Plaintiff. The Defendant then arrested Plaintiff after being told the arrest warrant was for the wrong Mindy Boisvert.

36. Plaintiff suffered severe emotional distress as a result of the actions of the Defendant, resulting in emotional and economic damages, including a panic attack that required hospitalization.

**COUNT 3 - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

37. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 36 above as if fully set forth herein.

38. The Defendant owed a duty of care to Plaintiff. Defendant breached that duty when it changed the service information on court documents and wrongfully caused an arrest warrant to issue for Plaintiff.

39. Plaintiff suffered severe emotional distress as a result of the actions of the Defendant.

40. The Defendant should have anticipated and foreseen that their conduct, resulting in the false arrest of Plaintiff, would result in emotional distress.

**COUNT 4 - FALSE IMPRISONMENT**

41. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 40 above as if fully set forth herein.

42. The Defendant acted with the intent to restrain Plaintiff.

43. The actions of the Defendant directly resulted in the confinement of the Plaintiff.

44. The Plaintiff was harmed by the confinement. The confinement resulted in physical, emotional and economic injuries to Plaintiff.

45. Defendant acted without legal authority when it substituted the address the Plaintiff, an innocent person, for that of Debtor Boisvert resulting in the wrongful issuance of an arrest warrant for Plaintiff Boisvert, and then told Plaintiff she was required to turn herself in to the court or be subject to arrest even though Defendant knew Plaintiff was an innocent person and the warrant had been wrongfully issued.

**WHEREFORE**, Mindy Boisvert, through counsel, demands the following relief jointly and severally against all defendants:

    A.    Compensatory damages;

    B.    Enhanced compensatory damages;

    C.    Punitive damages;

    D.    The cost of this action including reasonable attorney's fees; and

    E.    Such other further relief as the Court deems just.

**JURY DEMAND**

Plaintiff hereby demands trial by jury on all matters so triable.

**DATED** at Norwich, County of Windsor and State of Vermont this 15th day of April 2021.

    **DesMEULES, OLMSTEAD & OSTLER**

    Attorney for Mindy Boisvert

    By:    /s/ Geroge H. Ostler
            George H. Ostler, Esq.
            NH Bar ID # 1940
            Post Office Box 1090
            Norwich, VT 05055
            (802) 649-2001

X:\WP\G\BOISVERT.MIN\COMPLAINT (4/15/21)