**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

|  |  |
|---|---|
| **Mindy Boisvert** | ) |
|  | ) |
|  | ) Civil Action #1:21-cv-387-JL |
| **v.** | ) |
|  | ) Jury Trial Demanded |
| **Grafton County Sheriff's Department** | ) |
|  | ) |

**PARTIES' PROPOSED DISCOVERY PLAN**
**Fed. R. Civ. P. 26(f)**

**DATE/PLACE OF CONFERENCE:**

June 30, 2021 and July 1, 2021, by electronic mail communications between counsel.

**COUNSEL/PARTIES**:

**For Plaintiff:**

George H. Ostler, Esq.
DesMeules, Olmstead & Ostler
P.O. Box 1090
Norwich, VT  05055
802-649-2001
gostler@doolaw.com

**For Defendant:**

Matthew V. Burrows, Esq.
Gallagher, Callahan & Gartrell, P.C.
214 North Main Street
Concord, NH  03301
603-228-1181
burrows@gcglaw.com

# CASE SUMMARY

**THEORY OF LIABILITY**:

Alleged violation of Plaintiff's rights pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and rights secured under the laws of the State of New Hampshire.

**THEORY OF DEFENSE**:

Defendant denies liability and damages and asserts the Affirmative Defenses in its Answer, which are incorporated herein by reference.

**DAMAGES**:

Plaintiff seeks compensatory damages, enhanced compensatory damages, and punitive damages for physical, emotional and economic injuries, and attorney's fees and costs.

Defendant denies that Plaintiff was damaged as alleged and denies Plaintiff is entitled to the damages and relief Plaintiff seeks.

**DEMAND**:

No later than **September 15, 2021**

**OFFER**:

No later than **October 15, 2021**

**JURISDICTIONAL QUESTIONS**:

None at this time.  The Parties reserve the right to raise any other jurisdictional questions as they arise.

**QUESTIONS OF LAW:**

1. Whether Defendant is entitled to the immunities set forth in its answer and affirmative defenses.

The Parties reserve the right to raise such other questions of law as they may arise.

**TYPE OF TRIAL**:

The Parties have requested a trial by jury.

## **SCHEDULE**

**TRACK ASSIGNMENT:**

12 months

**TRIAL DATE:**

Two-week period beginning **August 2, 2022.**

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** *[no later than 30 days before the Joinder of Additional Parties deadline and 45 days before the Plaintiff's Expert Disclosure deadline].  Plaintiff shall then have 30 days from the date of disclosure to amend the complaint.*

**September 1, 2021**

**AMENDMENT OF PLEADINGS:**

**October 1, 2021**

**JOINDER OF ADDITIONAL PARTIES:**

**October 1, 2021**

**THIRD-PARTY ACTIONS**:

    **October 1, 2021**

**MOTIONS TO DISMISS:** *(no later than 90 days after preliminary pretrial conference)*

    **October 11, 2021**

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

    Plaintiff:    **November 15, 2021**

    Defendant:    **January 14, 2022**

    Supplementations under Rule 26(e) due:    **March 1, 2022**

**COMPLETION OF DISCOVERY:**

    **April 1, 2022**

**MOTIONS FOR SUMMARY JUDGMENT**: *(no later than 120 days prior to trial date)*

    **April 4, 2022**

**CHALLENGES TO EXPERT TESTIMONY:** *(no later than 45 days prior to trial date)*

    **June 18, 2022**

## DISCOVERY

**DISCOVERY NEEDED:**

    Standard:  Paper discovery, including interrogatories and requests for production, depositions of plaintiff, defendant, and witnesses.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):**

The Parties stipulate that they will produce all documents referenced in their mandatory disclosures in electronic form via email or remote large file transfer system (e.g. Dropbox, Citrix, etc.).

    Plaintiff – **August 15, 2021**

    Defendant – **October 14, 2021**

**INTERROGATORIES**:

A maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION:**

A maximum of 25 requests for admission by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:**

A maximum of ten (10) depositions by Plaintiff and ten (10) by Defendant. Each deposition limited to a maximum of seven hours unless extended by agreement of the parties.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**

1. The parties do not contemplate that there will be the need for court orders regarding the disclosure or discovery of ESI, as it is anticipated there will be minimal, if any, ESI discovery requested.
2. Counsel have notified their respective clients not to delete, destroy, or otherwise alter any records and documents, including ESI or data, in their possession regarding this matter, and advised that all records, documents and data are to be maintained in their original condition.
3. Counsel have reasonably determined that responsive ESI is most likely reasonably accessible.
4. Counsel have agreed that any inadvertently disclosed privileged materials, including, but not limited to ESI, will be immediately returned by the recipient to the producer without the recipient keeping any copies or notes of the same.
5. Counsel have agreed on the following:
   a. steps to segregate and preserve potential ESI in this matter;
   b. the scope of email discovery and protocols;
   c. the requesting party shall bear the cost of searching for, obtaining, and producing

      back-up and archival ESI; and

d. the format and media to be used in the production of ESI will be in paper format, to the extent possible.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**

The Parties do not believe that there will be issues of privilege or protection of trial preparation materials. In the event such issues arise, the parties will bring them to the Court's attention.

### OTHER ITEMS

**SETTLEMENT POSSIBILITIES:**

Settlement possibilities cannot be evaluated until depositions of Plaintiff, Defendant and other witnesses are taken and the parties have an opportunity to engage in paper discovery.

**JOINT STATEMENT RE: MEDIATION:**

Not applicable at this time. The parties will notify the court by **January 4, 2022**

**TRIAL ESTIMATE:**

Three – four (3-4) days.

**WITNESSES AND EXHIBITS:**

All witnesses and exhibits will be disclosed and exchanged between the parties in accordance with Local and Federal Rules of Civil Procedure (10 days before final pretrial conference but not less than 30 days before trial; objections due 14 days after service of final pretrial statements).

**PRELIMINARY PRETRIAL CONFERENCE:**

The parties will attend the preliminary pretrial conference with the Court scheduled for **July 13, 2021 at 2:00 p.m.**

**OTHER MATTERS:**

None known at this time. The Parties reserve the right to submit issues for the Court's consideration under Fed. R. Civ. P. 26(c) or 16(b) and (c) if and when they arise.

Respectfully submitted,

**MINDY BOISVERT**

By Her Attorneys,

**DesMEULES, OLMSTEAD & OSTLER**

Dated: July 4, 2021         By:   /s/ George H. Ostler
                                  George H. Ostler, Esq. (NH Bar #1940)
                                  P.O. Box 1090
                                  Norwich, VT  05055
                                  802-649-2001
                                  gostler@doolaw.com

**GRAFTON COUNTY SHERIFF'S DEPARTMENT**

By Its Attorneys,

**GALLAGHER, CALLAHAN & GARTRELL, P.C.**

Dated: July 4, 2021         By:   /s/ Matthew V. Burrows
                                  Matthew V. Burrows, Esq. (#20914)
                                  214 North Main Street
                                  Concord, NH  03301
                                  603-228-1181
                                  burrows@gcglaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this date via the Electronic Case Filing (ECF) system upon all parties and counsel of record.

Dated: July 4, 2021         By:   /s/ Matthew V. Burrows
                                  Matthew V. Burrows, Esq.